# NOS. 12-21-00105-CR
## 12-21-00106-CR
## 12-21-00107-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRACY RAY GIBSON,* *APPELLANT* | § | *APPEALS FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

These appeals are being dismissed for want of jurisdiction. In 2016, the court of criminal appeals granted habeas relief to Tracy Ray Gibson because he pleaded guilty without a full understanding of the applicable facts and law. *See **Ex parte Gibson***, WR-68,962-01, 2016 WL 8715906 (Tex. Crim. App. Jan. 13, 2016) (per curiam) (not designated for publication). The court remanded to the trial court so that Appellant could answer to the charges as alleged in the indictment. *See **id**.* Sentence was subsequently imposed in trial court cause numbers F149622007, F149632007, and F149642007 on April 5, 2016. Appellant did not timely appeal. *See **Gibson v. State***, No. 12-16-00267-CR, 12-16-00268-CR, 12-16-00269-CR, 2016 WL 5930157 (Tex. App.—Tyler Oct. 12, 2016, pet. ref'd) (per curiam) (mem. op., not designated for publication).

On July 12, 2021, Appellant filed a pro se notice of appeal regarding the three trial court cause numbers. On July 13, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there is no recent final judgment or appealable order. We informed Appellant that the appeal would be dismissed unless the information was amended on

or before August 12 to show this Court's jurisdiction. On July 23, Appellant filed a response, arguing that the State was required to resubmit an indictment to the grand jury once his case was remanded, instead of relying on the original indictment. He further argues that he is entitled to a new trial because no indictment was made part of the record.

Under the rules of appellate procedure, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or within ninety days after the sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In this case, Appellant filed his notice of appeal on July 12, 2021, long after the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3 with respect to the 2016 judgments. And Appellant does not direct this Court to any appealable order over which we may exercise jurisdiction.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2, 26.3; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we *dismiss* Appellant's appeals for *want of jurisdiction*. *See* TEX. R. APP. P. 43.2(f). All pending motions are overruled as moot.

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-21-00105-CR**

**TRACY RAY GIBSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F149622007)

___

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-21-00106-CR**

**TRACY RAY GIBSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F149632007)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-21-00107-CR**

**TRACY RAY GIBSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F149642007)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*